UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANGHUEI LIANG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDER KALLIS,<br><br>Defendant. | No. 2:21–cv–0595–JAM–CKD PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1-4) |

All three plaintiffs—each proceeding without counsel in this action—have requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 2-4.) Plaintiffs' applications in support of their IFP requests make the required financial showing. Accordingly, the court grants each plaintiff's request to proceed IFP.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however. Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

that fails to state a claim.").

**SCREENING STANDARD**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented

plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**THE COMPLAINT**

Plaintiffs—a family who live together in Stockton, California—bring this complaint against their former attorney, Alexander Kallis. (ECF No. 1 at 7-9.) The complaint and its attachments indicate that plaintiffs Liang and Zhang, who are married, hired Kallis to defend them against at least one Temporary Restraining Order filed by a third party. (Id. at 10, 12.) Plaintiffs allege that Kallis "failed to provide services to defense me with two T.R.O.," and that this somehow resulted in a police encounter that caused Liang's stepdaughter—plaintiff Sun—to require emergency medical treatment. (Id. at 10.) They also allege that Kallis "failed to provide services to me with three T.R.O." against three individuals. (Id.)

The complaint asserts subject-matter jurisdiction in this court based purely on the existence of federal questions, see 28 U.S.C. § 1331. (Id. at 3-4.) The only statute plaintiffs cite as the basis for such jurisdiction is 42 U.S.C. § 1320d-5, an enforcement provision of the Health Insurance Portability and Accountability Act ("HIPAA") codified at title XI of the Social Security Act, entitled "General penalty for failure to comply with requirements and standards." (Id. at 9.) For relief, plaintiffs seek an order requiring Kallis to "refile" TRO petitions against the three individuals and to pay his family damages. (Id. at 11.)

**ANALYSIS**

The complaint does not contain any viable causes of action and must be dismissed for failure to state a claim and for lack of subject-matter jurisdiction. The only statute listed by plaintiffs is clearly inapplicable to this case. Section 1320d-5 authorizes the United States Secretary of Health and Human Services to impose civil monetary penalties for certain HIPAA violations. See 42 U.S.C. § 1320d-5(a)(1). Plaintiffs are private individuals and thus have no authority to invoke section 1320d-5. While the title of that statute might make it sound broadly

applicable, it is not.  Accordingly, the complaint fails to state a claim upon which relief can be granted.

In addition, the court can identify in the complaint no other cause of action that would give this court jurisdiction over plaintiffs' frustrations with Kallis.  It appears that plaintiffs wish to hold Kallis civilly liable for some form of professional negligence.  Such a claim would arise purely under state law, as it does not raise a federal question.  For state law claims, federal courts only have subject-matter jurisdiction if the parties are completely "diverse" from each other and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a)(1).  Complete diversity requires that each plaintiff must be a citizen of a different state from the defendant(s).  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).  However, here, the complaint indicates that defendant Kallis is a citizen of California, just like all three plaintiffs.  (ECF No. 1 at 7-8 (listing a California address for Kallis).)  Therefore, plaintiffs cannot proceed on a negligence claim—or any other state law claim—against Kallis in this court.[2]

Given that the court can see no way for plaintiff to establish federal subject-matter jurisdiction over the dispute alleged in this complaint, the undersigned recommends that this action be dismissed without leave to amend.  See Cahill, 80 F.3d at 339.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiffs' requests to proceed in forma pauperis (ECF Nos. 2-4) are GRANTED.

**RECOMMENDATIONS**

In addition, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED without prejudice and without leave to amend; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written

---

[2] The court takes no position on the viability of any civil claims plaintiffs may seek to assert against Kallis in state court.

4

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 30, 2021

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, lian.0595